3. Courts (§ 308*)—Federal Courts—Jurisdiction—Citizenship.

Where one or more of several joint complainants was of the same citizenship as defendant, federal jurisdiction on the ground of diverse citizenship did not exist.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 855, 856; Dec. Dig. § 308.*

Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

In Equity. On demurrer to a bill for unfair competition by defendant in the sale of cigars not made in Key West in packages so marked and labeled as to indicate that they are made there.

Sidney R. Perry and Stewart & Stewart, for complainants,
L. & I. J. Joseph, for defendant.

LACOMBE, Circuit Judge. The bill sets forth a cause of action in favor of the individual complainants, who manufacture and sell cigars actually made in Key West; but it is not apparent on what theory the "association" of such manufacturers can maintain such a suit. It neither manufactures nor deals in the cigars, and is not in any competition with defendant. Complainants' counsel asserts that in California Fruit Canners' Association v. Myer (C. C.) 104 Fed. 82, a similar suit was sustained. The report of that case does not indicate that any such point was raised, and Judge Morris' opinion begins with the statement that:

"The complainants are a number of corporations in California, engaged in that state in the business of canning pears grown there."

There is no reason why the several complainants who seek the same relief should not be joined as parties plaintiff; but two of them happen to be citizens of New York, and therefore this suit cannot be maintained in the federal courts against defendant, who is a citizen of the same state.

The demurrer is sustained, with leave to amend complaint within 20 days, so as to obviate the objections to it in its present form.

---

In re COLE.

(District Court, D. Rhode Island. July 12, 1909.)

No. 506.

Bankruptcy (§ 140*)—Title of Trustee—Mortgaged Goods—Delivery to Mortgagee—Retention of Keys.

Where a key to a storeroom containing the mortgaged goods was delivered to the mortgagee, who visited the room, examined the goods, and retained the key, there was a delivery and retention of the goods by the mortgagee, though the mortgagor retained another key; there being no evidence that the mortgagee had knowledge thereof, or that the mortgagor ever visited the storeroom, or exercised any control over the goods.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

---

In Bankruptcy.

James H. Rickard, Jr., for appellant.
Mendell W. Crane, for trustee.

BROWN, District Judge. Upon the facts found by the referee, I am of the opinion that possession of the mortgaged personal property was delivered to and retained by the mortgagee Terkel.

A key of the storeroom containing the goods was delivered to the mortgagee, who visited the storeroom, examined the goods, and afterwards retained the key. Under the circumstances he was not required to inquire if the mortgagor retained another key, but was entitled to assume that the key given to him for the express purpose of giving him possession of the goods did in fact give him a possession which was exclusive. The mere fact that the mortgagor retained another key, without evidence that he ever visited the storeroom or exercised any control of the goods after delivery of the key to the mortgagee, is insufficient to show that the mortgagee had knowledge of the existence of a second key, or that he consented to a joint possession of the goods.

There was apparently some conflict in the testimony as to whether there was in fact more than one key; but the referee has expressly found that Terkel received from Cole a key to the storeroom, and bases his opinion that there was not a sufficient taking and retaining of possession upon the ground that such possession was as much retained by the mortgagor as the mortgagee, because each retained a key to the storeroom. I see no reason for disturbing the referee's finding of fact that each retained a key to the storeroom. Under the circumstances, however, the mere retaining of a second key by the mortgagor is insufficient to show that the mortgagee's possession was not exclusive.

The decision of the referee disallowing the claim is overruled, and the claim is allowed.

---

### In re BLAKE.

(District Court, E. D. New York. July 13, 1909.)

BANKRUPTCY (§ 140*)—PREFERENCE—POSSESSION.

    A bankrupt executed certain deeds, which he delivered as security for a loan under an agreement that, if the loan was not paid on May 15, 1909, the lender should have, between May 15th and June 1st, an option to cancel the notes and purchase the land. The deeds were recorded as deeds March 27, 1909, and again with the agreement as mortgages on May 28th following. The record as deeds was made on the grantee's paying an equity of $400 cash, on it becoming apparent that the bankrupt would not be able to meet the notes when due. He was adjudicated a bankrupt on June 7, 1909. *Held*, that since, if the arrangement to exercise the option and pay a cash consideration constituted a preference, the relief of the bankrupt's trustee must be by action, during pendency thereof, the grantee was entitled to possession and to collect the rents and profits.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes